# EXHIBIT E

**THE WHITE HOUSE**

WASHINGTON

June 16, 2009

The Honorable Joseph I. Lieberman
United States Senate
706 Hart Senate Office Building
Washington, D.C. 20510

The Honorable Susan M. Collins
United States Senate
413 Dirksen Senate Office Building
Washington, D.C. 20510

Dear Senators Lieberman and Collins:

    We thank you for engaging in a constructive dialogue about the history and significance of the Inspector General Reform Act and the dismissal of Gerald Walpin. As you know, the President believes forcefully in the work and contributions of Inspectors General, and recognizes fully the importance of their independence.

    Mr. Walpin was removed after a review was unanimously requested by the bi-partisan Board of the Corporation. The Board's action was precipitated by a May 20, 2009 Board meeting at which Mr. Walpin was confused, disoriented, unable to answer questions and exhibited other behavior that led the Board to question his capacity to serve. Upon our review, we also determined that the Acting United States Attorney for the Eastern District of California, a career prosecutor who was appointed to his post during the Bush Administration, had filed a complaint about Mr. Walpin's conduct with the oversight body for Inspectors General, including for failing to disclose exculpatory evidence. We further learned that Mr. Walpin had been absent from the Corporation's headquarters, insisting upon working from his home in New York over the objections of the Corporation's Board; that he had exhibited a lack of candor in providing material information to decision makers; and that he had engaged in other troubling and inappropriate conduct. Mr. Walpin had become unduly disruptive to agency operations, impairing his effectiveness and, for the reasons stated above, losing the confidence of the Board and the agency. It was for these reasons that Mr. Walpin was removed.

    We of course recognize your view of the requirements for the formal notice letter which we submitted to Congress last week. That letter was prepared based upon long practice with respect to the form of such letters and the Administration's view of the statute. However, in response to your concerns we are providing this additional information and we look forward to

discussing the statutory requirements more fully with you. Please note that the Counsel to the President was unavailable today, and so in the interests of time I am responding on his behalf.

Sincerely,

*[signature]*

Norman L. Eisen
Special Counsel to the President

cc: The Honorable Claire McCaskill