IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD WALPIN,<br><br>      Plaintiff,<br><br>v.<br><br>THE CORPORATION FOR NATIONAL AND COMMUNITY SERVICE, NICOLA O. GOREN, as Acting Chief Executive Officer thereof, RAYMOND LIMON, as Chief Human Capital Officer thereof, and FRANK TRINITY, as General Counsel thereof,<br><br>      Defendants. | Civil Action No.  1:09-cv-01343 (RWR) |

**STATEMENT OF MATERIAL FACTS
<u>NOT SUBJECT TO REASONABLE DISPUTE</u>**

Plaintiff Gerald Walpin, by and through undersigned counsel, hereby submits the following Statement of Material Facts Not Subject to Reasonable Dispute in Support of his Motion for Summary Judgment.

1. On January 6, 2007, following his nomination by President George W. Bush and confirmation by the United States Senate, Gerald Walpin became the Inspector General of The Corporation for National and Community Service ("CNCS").  (Decl. G. Walpin ¶ 1.)

2. On June 10, 2009, at about 5:20 p.m., Mr. Walpin, while driving to a judicial conference, received, on his cell phone, a telephone call from Norman Eisen, the President's Special Counsel.  Eisen informed Mr. Walpin that he had one hour to agree to tender his resignation or be fired.  Eisen made a return call less than an hour later and demanded to know whether he would voluntarily resign.  When Mr. Walpin asked for more time to consider, Eisen

informed him that that he was being removed and immediately transferred to administrative leave status for thirty days, and thereafter the removal would end his service as Inspector General. (Decl. G. Walpin ¶ 2.)

3. CNCS terminated Mr. Walpin's access to his OIG email account and office that night, and immediately denied him access to his staff. Mr. Walpin was prevented from performing even the most rudimentary steps in order to ensure that his termination did not prevent OIG from performing its duties. (Decl. G. Walpin ¶ 2.)

4. Even before Mr. Walpin was notified by phone that he was being removed, President Obama instructed Kenneth Bach that, pursuant to "section 3345(a) of title 5, United States Code, as amended by the Federal Vacancies Reform Act of 1998, you are directed to perform the duties of the office of Inspector General, Corporation for National Community Service, effective June 11, 2009," (Ex. S), and notice was given that Bach had been appointed at Acting IG (Ex. T).

5. The day after Mr. Walpin was transferred and removed from his office and an Acting IG was appointed to perform his duties, June 11, 2009, President Obama sent a letter to both Houses of Congress, addressed to Vice-President Joseph R. Biden, in his capacity as the Presiding Officer of the United States Senate, and to Speaker Nancy Pelosi, in her capacity as Presiding Officer of the House of Representatives, informing them that he was "exercising [his] power as President to remove [Mr. Walpin] from office . . . effective 30 days from today." The President wrote that he "no longer" had "the fullest confidence in" Mr. Walpin (Ex. U), but the President did not provide a reason for why that was so, nor that Mr. Walpin had already been locked out of his office, precluded from access to his email service and his staff, transferred to administrative leave status, and that the President had directed that Mr. Bach "perform the duties

of the office of Inspector General," which duties had up to that direction been performed by Mr. Walpin. (Ex. S.) Although White House staff thereafter communicated to a few individual members of both Houses, the President never provided any other notice to both Houses of Congress.

6. Members of Congress immediately protested the President's failure to provide 30-days' notice prior to removing Mr. Walpin from his office. Indeed, Senator Charles Grassley wrote the President on June 11, 2009, before receiving the President's letter. Senator Grassley reminded the President that he (the President) was a co-sponsor of the Inspector General Reform Act of 2008, and stated that he was "deeply troubled to learn of the ultimatum given Inspector General Walpin absent Congressional notification." He warned that the public "cannot afford to have Inspector General independence threatened," and urged the president "to follow the letter of the law should you have cause to remove any Inspector General." Senator Grassley concluded that since serving as Inspector General Mr. Walpin "has identified millions of dollars in AmeriCorps funds either wasted outright or spent in violation of established guidelines. In other words, it appears he has been doing his job." (Ex. V.)

7. In response to Senator Grassley, Gregory B. Craig, Counsel to the President, repeated that the basis for the removal was the conclusory statement that "the President does not have full confidence in" Mr. Walpin. He sought to justify ignoring the limitations on Presidential power by suggesting that Mr. Walpin had only been placed in the status of "suspended, with pay." Formal removal would not occur for 30 days, the White House claimed, at which time Mr. Walpin would no longer receive pay. (Ex. W.)

8. On June 16, 2009, Mr. Eisen sent a letter to two individual Senators (Lieberman and Collins) with a copy to Senator McCaskill, and two individual Representatives (Towns and

Issa), but not to both Houses of Congress through the presiding officer of each, in response to their concerns with the legality of Mr. Walpin's removal.  He acknowledged therein that "Mr. Walpin was removed," and stated why Mr. Walpin "no longer" had the confidence of the president, including: (i) "Mr. Walpin was removed after a review was unanimously requested by the bi-partisan Board of the Corporation"; (ii) at "a May 20, 2009 Board meeting . . . Mr. Walpin was confused, disoriented, unable to answer questions and exhibited other behavior that led the Board to question his capacity to serve";  (iii) the complaint filed with the Integrity Committee by Acting U.S. Attorney Brown; and (iv) the "teleworking" schedule of Mr. Walpin "over the objections of the Corporation's Board." (Ex. X.)

9. Eisen later sought to alter Mr Walpin's employment status (by extending the period of administrative leave) in accordance with the June 16, 2009 notice to a few individual Senators and Congressmen, and instructed Defendant Trinity to perform the ministerial act of recording that change in Mr. Walpin's employment records. (Ex. Y.)

10. None of the *post hac* justifications was actually investigated by the White House before Mr. Walpin's removal.  The White House made no attempt to interview Mr. Walpin or any members of the OIG staff.  The White House did not seek consideration of any issue relating to Mr. Walpin from the Integrity Committee, the body expressly created by Congress under the Inspector General Reform Act for the purpose of reviewing, and providing its conclusion on, allegations against Inspectors General.  And it did not speak with a single Board member other than Alan Solomont  before deciding to remove Mr. Walpin. (Ex. A at 50-51.)

| | |
|---|---|
| Dated:   December 16, 2009 | Respectfully submitted, |

                                                      **GREENBERG TRAURIG, LLP**

                                                    /s/ Sanford M. Saunders, Jr.
                                                    Sanford M. Saunders, Jr.
                                                    D.C. Bar No. 376098
                                                    Joe D. Whitley
                                                    D.C. Bar. No. 422385
                                                    2101 L Street, N.W., Suite 1000
                                                    Washington, D.C. 20037
                                                    Telephone:     (202) 331-3100
                                                    Facsimile:       (202) 261-0150
                                                    saunderss@gtlaw.com
                                                    whitleyj@gtlaw.com

                                                    *Counsel for Plaintiff Gerald Walpin*

Gerald Walpin
Of Counsel
875 Park Avenue
New York, New York 10075